IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RICK BLACK,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S PETITION FOR ATTORNEY FEES<br><br><br><br>Case No. 2:07-CV-213 TS |

This matter comes before the Court on Plaintiff's Motion for Attorney Fees under the EAJA.[1] The government filed a response but Plaintiff did not reply. For the reasons discussed below, this motion will be denied.

I.   Background Facts and Procedural History

Plaintiff was a prevailing party in his Disability Insurance Benefits ("DIB") appeal decided by this Court on September 19, 2007.[2] As part of its Memorandum Decision, this Court remanded to the Administrative Law Judge ("ALJ") under sentence four of 42 U.S.C. § 405(g) in order for the ALJ to include Plaintiff's mental impairments in his RFC assessment, or to explain

---

[1]Docket No. 22.

[2]Docket No. 20.

her failure to give adequate, specific reasons explaining their exclusion.  The Court found in favor of the Commissioner with respect to the ALJ's credibility determination and the weight assigned to each treating physician's assessment.

II. Discussion

The Equal Justice to Access Act ("EAJA") states that attorney's fees shall be awarded to a prevailing party, other than the United States, "unless the court finds that the position of the United States was substantially justified."[3]  The Commissioner has a burden to prove that her position was substantially justified both in law and fact.[4]  The substantial justification standard under the EAJA is not to be equated with the substantial evidence standard under the Social Security Act, 42 U.S.C. § 405(g), as that "would result in an automatic award of attorney's fees in social security cases in which the government was unsuccessful on the merits."[5]

Plaintiff argues that the Commissioner's position in the underlying agency action was not substantially justified because he failed to apply proper legal standards in evaluation of this case.  Plaintiff's attorney states in the petition that the Plaintiff has approved direct payment to counsel any attorney's fees that may be awarded.  Defendant argues that the government's position was substantially justified, even though the case was partially remanded.  Further, the Defendant argues that even if the government's position was not substantially justified, any award of attorney's fees should be paid to the Plaintiff, not to Plaintiff's attorney.

The Court finds that the Commissioner did apply proper legal standards in the evaluation

---

[3] 28 U.S.C. § 2412 (d)(1)(A).

[4] *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995).

[5] *Hadden v. Bowen*, 851 F.2d 1266, 1269 (10th Cir. 1988).

of this case.  While the mental impairments indicated by Dr. Gage were left out of Step Four in the RFC assessment, the ALJ did discuss at some length Dr. Gage's assessment when considering Plaintiff's claim, ultimately concluding that Dr. Gage's opinions were somewhat inconsistent.  The ALJ's five-step analysis is not rendered unreasonable just because the ALJ failed to either include some of the Plaintiff's limitations or to explain why those limitations were excluded from the analysis.  Accordingly, it was reasonable in law and fact, for purposes of determining the propriety of an EAJA award, for the Commissioner to argue that Plaintiff's impairments were not disabling within the meaning of the Act.

For the foregoing reasons, it is therefore

ORDERED that Plaintiff's Motion for Attorney's Fees (Docket No. 22) is DENIED.

DATED   February 12, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge